NOT DESIGNATED FOR PUBLICATION

No. 121,726

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TROY HENRY NELSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed May 21, 2021. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: A jury convicted Troy Henry Nelson of one count each of burglary and theft stemming from a burglary at a Rent-A-Center in Wichita. The jury also convicted Nelson of one count of criminal possession of a weapon by a convicted felon for possessing a knife. He appeals, arguing that there was insufficient evidence to convict him of burglary and theft. Sufficient evidence was presented to convict Nelson of both crimes. We affirm.

1

During the spring of 2017, the Wichita Police Department received several reports about individuals breaking windows or doors of downtown businesses and stealing items from inside the businesses. One such event occurred early in the morning of May 3, when someone broke the window of a Wichita Rent-A-Center and proceeded to go inside and steal a laptop and a television. The Rent-A-Center was equipped with security cameras that captured footage of the incident.

As part of the follow-up investigation, patrol officers were notified about a Chevrolet pickup truck that was possibly involved with the burglary. Wichita Police Officer Renay Bryand said that police officers were given a picture of the truck, which he described as distinctive because it had a two-toned paint job and was full of debris in the bed.

In the afternoon of May 3, Officer Joshua Duggan notified Bryand that he located a vehicle matching the description of the truck at the Mark 8 Motel, which was less than a mile away from the Rent-A-Center. Duggan initially began conducting surveillance on the unoccupied truck to see if someone entered it, but he later decided to go inside the Mark 8 once Bryand arrived and began surveilling truck. When Duggan entered the Mark 8, he spoke with Hamendra Bhakta, the owner of the Mark 8, who provided Duggan with security footage.

Duggan later called for a second officer to come inside while he reviewed the security footage, and Bryand responded. When Bryand entered, Duggan was speaking with Nelson, who was not a suspect at that time. Nelson told Duggan that he knew about the truck Duggan asked about and that two men, one named Franklin and the other a Hispanic male, were driving it earlier that morning and were involved in burglaries.

2

Nelson also said that both individuals were in the room registered to him. Duggan and Bryand then went to the room and found the Hispanic male there but did not find Franklin.

After reviewing the security footage again, Duggan noticed that Franklin went to a different room than the one registered to Nelson. The officers proceeded to the second room, but the man was not there. Officers noticed that the window in the room was open, and they believed the man left through the window. Officers Leffew and Janssen then transported Nelson elsewhere so a follow-up interview could be conducted.

On May 14, another burglary occurred at Lucky's Vape & Smoke when someone used a car battery to break a window and steal cigarettes. Like Rent-A-Center, Lucky's was equipped with security cameras that captured footage of the incident. Detective Husam Shourbaji said that he recognized Nelson as the suspect in the security footage based on his knowledge from the Mark 8 investigation as well as the footage from Nelson's interview.

On May 16, Shourbaji and Robert Lacy, another detective, contacted Nelson at the Wichita Parole Office and took him into custody. The officers subsequently retrieved Nelson's personal property from a locker and found, among other things, what Shourbaji characterized as a hunting knife that was approximately 6 inches. Shourbaji and Lacy conducted another interview with Nelson. During the interview, Lacy showed Nelson photographs taken from the security footage of the Mark 8. Shourbaji said that from the photos, the officers were able to identify Nelson as someone at the Mark 8.

A few days later, the State charged Nelson with two counts of burglary, one misdemeanor count of theft, one felony count of theft, and one count of criminal possession of a weapon by a convicted felon. One count of burglary and the felony count

of theft were related to the incident at Rent-A-Center, while the other count of burglary and misdemeanor count of theft were related to the incident at Lucky's.

During trial, Nelson said that he was staying at the Mark 8 on May 3. Nelson said he was awake in the early morning hours and was sitting in the lobby of the Mark 8 conversing with a friend. At some point, Nelson encountered the two individuals he claimed committed the Rent-A-Center burglary. They asked him if they could borrow the Chevrolet pickup truck, which he had previously driven and had the keys for.

Nelson denied ever being at the Rent-A-Center but said he helped them move a television and DVD player from the back of the truck to inside the Mark 8. He said that he spoke with the police officers on May 3 because he overheard them asking the manager of the Mark 8 about the truck. He told the officers he had not driven the truck that day, but the other guys who previously asked to use the truck told him they committed multiple burglaries in the truck.

Nelson also denied breaking into Lucky's on May 14. He said he did not know who the individual in the security footage was and that he did not smoke cigarettes. However, he admitted that the contents inside the locker at the Kansas Parole Office were his, including two knives. He had the knives because he needed them to cut carpet at the job he was working. He denied ever being told by anyone that parolees were not to possess weapons of any kind, including knives.

On cross-examination, the State asked Nelson if what he said was a DVD player was a laptop, but Nelson denied that it was a laptop. He also did not believe the television he carried inside met the description of the television that was stolen from the Rent-A-Center because it was too small.

At the conclusion of trial, the jury found Nelson guilty of one count of burglary, one count of felony theft, and one count of criminal possession of a weapon by a convicted felon. However, the jury acquitted Nelson of one count of burglary and one count of misdemeanor theft. The convictions stemmed from the burglary at the Rent-A-Center, while the acquittals stemmed from the alleged burglary at Lucky's.

After being convicted, Nelson filed a motion for new trial and judgment of acquittal, arguing the evidence was insufficient to convict him. He also filed a motion for a departure sentence, arguing that the offense was not a crime of violence, he had the support of his family to aid in reformation, and that his behavior stemmed from substance abuse.

The district court later held a hearing on Nelson's motions. At the hearing, Nelson relied on his motion for acquittal without presenting evidence or argument, and the State asked the district court to deny the motion based on the evidence presented. The district court found there was sufficient evidence to convict Nelson and denied his motion for acquittal. After hearing arguments from Nelson and the State, the district court also denied Nelson's motion for departure and sentenced Nelson to 27 months' imprisonment for burglary, 5 months' imprisonment for theft, and 7 months' imprisonment for criminal possession of a weapon by a convicted felon, with all the sentences to run concurrently.

Nelson timely appeals.

ANALYSIS

On appeal, Nelson argues there was insufficient evidence to convict him of burglary and theft but fails to specify which conviction he is challenging.

5

"'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Nelson's primary argument is that nobody was able to identify him from the Rent-A-Center security footage and that the State did not offer any "physical evidence, fingerprints, or DNA, to link Mr. Nelson to either burglary." As the State points out, Nelson is essentially asking this court to reweigh the evidence and resolve evidentiary conflicts in his favor, which we cannot do. See 307 Kan. at 668; see also *State v. Hammon*, 245 Kan. 450, Syl. ¶ 3, 781 P.2d 1063 (1989) (noting that it is the jury's function, not the court's, to determine the weight given to evidence, draw reasonable inferences from the evidence, and make credibility determinations from the witnesses).

The State charged Nelson in this case with theft, see K.S.A. 2020 Supp. 21-5801(a)(1) and (b)(3), which prohibits "obtaining or exerting unauthorized control over property or services" with a value of at least $1,500 but less than $25,000. The State also charged Nelson with burglary, see K.S.A. 2020 Supp. 21-5807(a)(2), which prohibits an individual from entering or remaining within any "building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein."

At trial, the Rent-A-Center employee testified that a television and laptop were stolen from the store early in the morning of May 3. Shourbaji testified that he was dispatched at 5:14 a.m. and that the Mark 8 hotel was less than a mile away from the Rent-A-Center. Bhakta also testified that the timestamp on the security footage from the Mark 8 showed that the individuals were carrying items inside at approximately 5:15 a.m. that same day.

6

Bryand testified that he and other officers were told about the Chevrolet pickup truck with a distinctive paint job and debris in the bed. Duggan located that vehicle at the Mark 8 in the afternoon of May 3. After locating the vehicle, the officers went inside the Mark 8 and collected security footage and spoke with Nelson about his knowledge of events.

Nelson admitted to being at the Mark 8 the morning of the Rent-A-Center burglary. He said that the two other individuals came to his room and asked to borrow the truck, which he allowed them to do. Nelson said he could not drive the truck himself because of a ticket he received when previously driving the truck. He offered no explanation for his previous inconsistent testimony when he said he had driven the truck and had the keys for it, nor any explanation how the truck originally came to be at the motel if he was unable to drive. He also denied ever being at the Rent-A-Center, claiming he did not know where it was because he had been imprisoned and had not been in Wichita for 15 years.

When asked about the photographs from the Mark 8 security footage, Nelson said that he helped carry a television and what he described as a DVD player inside the Mark 8. On cross-examination, Nelson maintained that he was carrying what he characterized as a DVD player and not a laptop. He also said the television he helped carry inside was not a 55-inch television like the one stolen from the Rent-A-Center.

However, the Rent-A-Center employee testified that he believed the television seen in the Mark 8 security footage was the same one stolen from the Rent-A-Center. He said that he could identify it based on the television stand. He also said the other item Nelson can be seen carrying inside was a laptop, which he could identify from the blue light on the side of it. In addition to the photos from the Mark 8 security footage, the

7

State also showed the jury the security footage from both the Rent-A-Center and the Mark 8.

The evidence the State presented in this case was not overwhelming. But this court cannot reweigh the evidence, resolve evidentiary conflicts, or make witness credibility determinations. See *Chandler*, 307 Kan. at 668. It is a well-established rule that a conviction of even the greatest offense can be based entirely on circumstantial evidence if such evidence provides a basis for a reasonable inference by the fact-finder regarding the fact in issue. Moreover, circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

The evidence presented, viewed in the light most favorable to the State, is sufficient to sustain Nelson's convictions for both theft and burglary of the Rent-A-Center. See *Chandler*, 307 Kan. at 668. Nelson makes no argument in his brief challenging his conviction for possession of the knives. Accordingly, we affirm Nelson's convictions for one burglary, one count of theft, and possession of a weapon by a convicted felon.

Affirmed.